UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 14-cr-20520
Hon. Matthew F. Leitman

v.

LAMONT M. SAPP,

    Defendant.

_____/

**ORDER DENYING (1) MOTION FOR CORRECTIVE SENTENCE (ECF #59), (2) GRANTING MOTION TO SUPPLEMENT MOTION FOR CORRECTIVE SENTENCE (ECF #60), AND (3) DENYING CERTIFICATE OF APPEALABILITY**

On March 9, 2016, Defendant Lamont Sapp entered a plea of guilty to a charge of being a felon in possession of a firearm. In Sapp's Rule 11 Plea Agreement, the parties agreed that Sapp's range under the United States Sentencing Guidelines was 140-175 months in custody, and the parties further agreed that Sapp's sentence would not exceed the top of that range. (*See* Plea Agreement, ECF #51.) At sentencing, the Court imposed a sentence of 105 months – a sentence below both the guidelines range and the statutory maximum. (*See* Judgment, ECF #58.) Sapp did not appeal his sentence or conviction (nor could he have appealed because he waived the right to do so in his Plea Agreement).

1

On February 6, 2018, Sapp filed a Motion for Corrective Sentence. (*See* ECF #59.) On March 14, 2018, Scott filed a motion to supplement his Motion for Corrective Sentence. (*See* ECF #60.) The Court **GRANTS** the motion to supplement and will consider arguments presented in the supplemental filing. In addition, the Court will construe the Motion for Corrective Sentence as one to vacate Sapp's sentence under 28 U.S.C. § 2255.

Sapp argues that he is entitled to relief from his sentence because the Court assessed points (under its sentencing guidelines calculation) "for uncharged conduct." (Motion, ECF #59 at Pg. ID 459.) Sapp contends that the assessment of such points was contrary to the holding of the United States Supreme Court in *Nelson v. Colorado*, 137 S.Ct. 1249 (2017). The Court disagrees.

Just last week, the United States Court of Appeals for the Sixth Circuit re-affirmed "that sentencing courts may look to uncharged criminal conduct, indeed even acquitted conduct, to enhance a sentence within the statutorily authorized range." *United States v. Rayyan*, __ F.3d __, 2018 WL 1371213 at *3 (6th Cir., March 19, 2018). Thus, this Court did not err to the extent that it considered uncharged conduct in calculating Sapp's sentencing guidelines range – a range to which he agreed.

The Supreme Court's decision in *Nelson* is not to the contrary. Indeed, the holding in *Nelson* does not relate to sentencing guidelines calculations or to the

2

consideration of uncharged conduct in determining a guidelines sentencing range within the statutorily-permissible range. Instead, the holding related to the burden of proof that may be imposed upon a criminal defendant whose conviction has been reversed and who seeks to obtain the refund of costs, fees, and restitution paid pursuant to the invalid conviction.

For the reasons explained above, the Court **DENIES** Sapp's Motion for Corrective Sentence. In addition, the Court **DENIES** a Certificate of Appealability because reasonable jurists could not debate the correctness of the Court's ruling and because the issue raised by Sapp does not deserve further consideration.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2018


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764