UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 14-cr-20520
Hon. Matthew F. Leitman

v.

LAMONT M. SAPP,

    Defendant.

_____/

**ORDER DENYING (1) MOTION FOR COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT OF 2019 (ECF No. 62), (2) MOTION FOR SUPPLEMENTAL BRIEFING (ECF No. 65), (3) MOTION TO EXPAND RECORD (ECF No. 70) AND (4) MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 73)**

In March of 2016, Defendant Lamont Sapp pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*See* Plea Agmt., ECF No. 51.) Sapp's sentencing range under the United States Sentencing Guidelines called for a sentence of imprisonment of between 140 and 175 months. (*See id.*, PageID.379.) However, the operative guidelines range became 120 months because that was the statutory maximum under his offense of conviction. (*See id.*) At sentencing in September of 2016, the Court carefully considered all of the relevant factors under 18 U.S.C. § 3553(a), including the range under the guidelines,

1

and the Court imposed a below-guidelines sentence of 105 months in prison. (*See* Judgment, ECF No. 58.)

In April of 2019, Sapp, proceeding *pro se*, began filing a series of motions aimed at securing his early release from custody. He first filed a Motion for Compassionate Release Under the First Step Act of 2019. (*See* ECF No. 62.) With that motion pending, he then filed a Motion for Supplemental Briefing and a Motion to Expand the Record. (*See* ECF Nos. 65, 70.) After the Court reviewed these filings by Sapp, the Court determined that the best course of action was to appoint counsel to pursue compassionate release on Sapp's behalf. The Court appointed the Federal Community Defender for that purpose in July of 2019. (*See* Order, ECF No. 67.) Appointed counsel then filed a Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(i). (*See* ECF No. 73.) This motion by counsel effectively accounts for and supersedes the arguments that Sapp presented, *pro se*, in his earlier motions described above. The Government then responded in opposition to the motion. (*See* Resp. Br., ECF No. 76.) For the reasons explained below, all of the motions filed by and on behalf of Sapp are DENIED.

**I**

The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582. As modified, that statute now allows district courts, upon motion of an incarcerated

defendant, to reduce the defendant's sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court "finds that (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The "applicable policy statements" mentioned in the statute are found in U.S.S.G. § 1B1.13. The comment to that section identifies reasons for release that may rise to the level of "extraordinary and compelling":

> 1. <u>Extraordinary and Compelling Reasons</u>.— Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) <u>Medical Condition of the Defendant</u>.—
>
>       (i) The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>       (ii) The defendant is—

3

    (I)  suffering from a serious physical or medical condition,

    (II)  suffering from a serious functional or cognitive impairment, or

    (III)  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  (B)  <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C)  <u>Family Circumstances</u>.

    (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[1]

One district court (in a decision cited by Sapp) has offered the following helpful explanation concerning how to apply the amended compassionate release statute in conjunction with the Sentencing Commission's guidance:

> [P]ursuant to the statutory directive in 18 U.S.C. § 3582(c)(1)(A) and in conjunction with the Sentencing Commission guidance provided in U.S.S.G. § 1B1.13, the Court must consider three issues in evaluating [a federal prisoner's] Compassionate Release application: (i) whether extraordinary and compelling reasons warrant a sentence reduction consistent with the Sentencing Commission's policy statement, (ii) whether [the prisoner] is "a danger to the safety of any other person or to the community," and (iii) whether the section 3553(a) factors "to the extent they are applicable," weigh in favor of a sentence reduction. *United States v. Bellamy*, 2019 WL 3340699, at *2 (D. Minn. July 25, 2019); [*United States v.] York*, 2019 3241166, at *5 [E.D. Tenn. July 18,

---

[1] A question has arisen as to whether a district court may apply the "catch all" category of "extraordinary and compelling reasons" in subdivision D of the comment. There is an argument that only the Director of the Bureau of Prisons may find "extraordinary and compelling reasons" under that subdivision because the subdivision references only the Director. However, this Court "follows the growing number of district courts" that have held that a district court may apply subdivision D of the comment and may "consider the vast variety of circumstances that may constitute extraordinary and compelling" reasons for compassionate release. *United States v. Rodriguez*, __ F.Supp.3d __, 2019 WL 6311388, at * 7 (N.D. Cal. 2019) (explaining why, in light of the First Step Act and its amendment of 18 U.S.C. § 3582(c), district courts may apply subdivision D and consider a variety of factors in making the "extraordinary and compelling reasons" determination).

5

> 2019]; *United States v. Beck*, 2019 WL 2716505, at *7 (D.N.C. June 28, 2019); *United States v. Johns*, 2019 WL 2646663, at *3-4 (D. Ariz. June 27, 2019); [*United States v.] McGraw*, 2019 WL 2059488, at *3 [S.D. Ind. May 9, 2019].

*United States v. Wong Chi Fai*, 2019 WL 3428504, at *2 (E.D.N.Y. July 30, 2019). And in another decision cited by Sapp, one district court has defined "extraordinary" as "beyond what is usual, customary, regular, or common," and has defined a "compelling reason" as one "so great that irreparable harm or injustice would result if [the relief] is not granted. *United States v, Cantu*, 2019 WL 2498923, at *5 (S.D. Tex. 2019) (quotations omitted).

## II

### A

Sapp contends that he has shown "extraordinary and compelling reasons" reasons for his compassionate release. (Mot., ECF No. 73, PageID.515.) He explains that "[h]is primary reasons for relief are: (1) his partner's recent diagnosis with an aggressive form of cancer, creating a need for him to be a caretaker; and (2) his continued assistance to authorities while incarcerated. Additionally, he is dealing with his own medical problems while in custody." (*Id.*) The Court concludes that these circumstances are not sufficiently extraordinary or compelling to warrant compassionate release.

First, while the Court has great sympathy for Sapp's partner, Treva Gordon, as she battles cancer, the Court is not persuaded that she has an extraordinary or compelling need for care *from Sapp*. Ms. Gordon has written a letter to the Court in which she says that it would be a "blessing" to have Sapp care for her and that she would "appreciate" his support. (See Ltr., ECF No. 73-2.) But Ms. Gordon's letter does not say that others are unavailable to assist with her medical needs, nor does she say that her needs are going unmet in her current circumstances.

Second, while the Court commends Sapp for his assistance to prison authorities in their efforts to combat drug use and distribution, the Court is not persuaded that those efforts are so compelling as to warrant release. Likewise, the Court commends Sapp on his record of good behavior and on his holding a prison job, but the Court does not believe that those factors are so unusual as to justify compassionate release.

Third, while the Court does not mean to minimize Sapp's personal health challenges, his health issues are neither extraordinary nor compelling. *See United States v. Rodriguez*, __ F.Supp.3d __, 2019 WL 6311388, at *7 (N.D. Cal. 2019) (collecting cases involving serious medical impairments/conditions that rise to the level of extraordinary and compelling). Sapp has high blood pressure, hypertension, and occasional chest pain. These issues are not uncommon among men Sapp's age,

7

and the Court is confident that the Bureau of Prisons medical staff has the capacity to – and will – treat these conditions appropriately.

B

Sapp is also not entitled to compassionate release because the relevant factors under 18 U.S.C. § 3553(a) weigh against reducing Sapp's sentence. First, the nature and circumstances of Sapp's offense were serious and warranted serious punishment. As reported by witnesses to the offense, Sapp not only possessed firearms, he assaulted a woman with a firearm and threatened to harm her. (*See* Plea Agmt., ECF No. 51, PageID.377-378.) Under these circumstances, Sapp should serve his full sentence – which, again, was substantially below the actual guidelines range of 140-175 months and even below the effective guidelines range of 120 months.

Second, deterrence and the protection of the public weigh against release. Sapp had a significant criminal history at the time of his offense of conviction, and he had served substantial terms of incarceration. (*See* Presentence Investigation Rpt. at ¶ ¶35-42.) Yet, he nonetheless possessed firearms and did so in a manner that directly threatened the safety of others. Despite Sapp's good behavior in custody, the Court continues to have serious concerns about his re-offending and about threats to the public that he may pose.

## C

For the same reasons that the relevant § 3553(a) factors weigh against release, the Court concludes that releasing Sapp now could pose a danger to a person or persons in the community. Simply put, Sapp's criminal record and the assaultive behavior connected to the offense of conviction here raise serious questions about a possible ongoing threat to the public from Sapp.

## D

Finally, the differences between the circumstances of Sapp's case and the cases cited by Sapp in which other district courts have granted compassionate release underscore that Sapp's showing falls short of warranting release. For instance, in *Fai*, *supra*, the court granted compassionate release to a prisoner who had served twenty-six years in custody with a spotless record, was battling thyroid cancer, had a mass in his throat that left him "barely able to eat," was in "frail condition," and needed a walker to ambulate. *Fai*, 2019 WL 3428504, at *1. Likewise, in *Cantu*, *supra*, the court released a prisoner who had served fourteen years for a nonviolent offense, whose record indicated that he did not pose any threat to any member of the community, and, most importantly, whose motion for release was not opposed by the government. *See Cantu*, 2019 WL 2498923, at ** 5-7. And in *United States v. Bellamy*, 2019 WL 3340699, at *1 (D. Minn. 2019), the court released a prisoner who was (1) confined to a wheelchair by a number of "serious health conditions,"

9

including heart problems, diabetes, and chronic diabetic kidney disease and (2) needed help going to bathroom, taking a shower, and getting dressed.

Sapp has not cited any case in which a district court has granted compassionate release to a prisoner under circumstances like those present here – involving a prisoner who is not suffering debilitating medical problems, who has a history of violent conduct, who has served less than five years in custody, and whose motion is vigorously opposed by the government. Sapp relies heavily on the decision in *United States v. Walker*, 2019 WL 5268752 (N.D. Ohio 2019), but as the Government correctly notes, that case is distinguishable. The prisoner in that case was a decorated military veteran who suffered from "severe" post-traumatic stress disorder ("PTSD") upon his return from combat, and his "untreated and/or mistreated spiraling mental health issues led to drug abuse and eventually to the criminal activities he pled guilty to in this case." *Id*. at *2. In addition, the prisoner in *Walker* had served 100 months in custody without incident, and he had roughly sixty days remaining in prison at the time the court reduced his sentence. *See id*. Finally, the Government opposed the motion only "on procedural grounds." *Id*. at *1. Here, in contrast, Sapp's criminal history cannot be explained by PTSD or some other mental illness, Sapp's criminal history is lengthier than Walker's, Sapp has not served nearly as long as Walker, and the Government vigorously opposes Sapp's

release on substantive grounds. *Walker* does not persuade the Court that compassionate release is appropriate here.

### III

For all of the reasons above, IT **IS HEREBY ORDERED** that the two pending motions for compassionate release (ECF Nos. 62, 73) are **DENIED**. **IT IS FURTHER ORDERED** that Sapp's motion for supplemental briefing (ECF No. 65) and Sapp's motion to expand the record (ECF No. 70) are **DENIED** because those motions were mooted when appointed counsel filed his motion for compassionate release. That filing by counsel included supplemental briefing and additional materials to supplement the record.

**IT IS SO ORDERED**.

Dated: January 31, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2020, by electronic means and/or ordinary mail.

s/ Holly A. Monda
Case Manager
(810) 341-9764